UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SAMANIEGO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR"), et al.,<br><br>　　　　Defendants. | No. 2:19-cv-2606 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding through counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and paid the court's filing fee. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

As set forth below, the undersigned finds that defendants CDCR and California State Prison, Sacramento ("CSP-SAC") must be dismissed. Plaintiff states potentially cognizable Eighth Amendment claims against the remaining defendants; thus, the Clerk of the Court is directed to issue summons.

I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

II. Plaintiff's Allegations

Plaintiff is 27 years old, currently housed at the San Fernando Acute Care Hospital in Sylmar, California. At this facility, plaintiff will serve the remainder of his medical parole term, granted based on the serious and debilitating injuries plaintiff sustained during the November 1, 2018 attack which rendered him a complete quadriplegic. Plaintiff names as defendants the CDCR, California State Prison, Sacramento ("CSP-SAC"), CDCR Secretary Ralph Diaz, Acting Warden Jeff Lynch, individually and in their official capacities, and Does 1 - 10. Plaintiff alleges the following:

Plaintiff was a second term offender, returning to CDCR custody in December 2014. He requested designation as a special needs yard ("SNY") inmate due to his election to drop-out of his street gang. Subsequently, plaintiff was housed on SNY prison yards at three different prisons where he received prison disciplinaries for being involved in fighting and physical altercations against gang and security threat group members and associates.

Around May of 2018, defendants implemented a policy of integrating prison yards with SNY inmates and general population inmates, known as "Non-designated Programming Yards," "despite such integration placing known members and or associates of street gangs, prison gangs and [security threat groups] on the same yard, and housed in the same facility with prisoners -- like [plaintiff]--who were previously designated SNY . . . or who had related security concerns which would otherwise prevent or militate against integrated housing." (ECF No. 1 at 9-10.) On September 26, 2018, plaintiff was transferred to CSP-SAC. On September 28, 2018, plaintiff appeared before a classification committee for consideration of his placement on CSP-SAC's "Non-designated Programming Prison Yard." Following defendants' failure to adequately or sufficiently consider safety concerns in plaintiff's records, including, but not limited to plaintiff's SNY status, his facial tattoos indicating his former gang affiliation, his current conviction for a crime against a child, and his designation as CCCMS and then EOP as of August 2018, plaintiff was wrongfully and intentionally transferred to a "Non-designated Programming Prison Yard."

On November 1, 2018, plaintiff entered the integrated yard where he was attacked by five inmates, two of whom were armed with inmate manufactured weapons. Plaintiff avers that the inmate assailants have ties to street gangs, prison gangs, or security threat groups or were enemies of plaintiff, such that their threat to plaintiff's safety was known or easily knowable to defendants before the attack, and it is likely the classification committee also failed to adequately or sufficiently consider the safety concerns for such inmate assailants as well. The inmate assailants also yelled "Fuck the PCs," which references plaintiff's former gang affiliation because "PC" refers to inmates housed in "Protective Custody," and is synonymous with SNY inmates.

Correctional officers identified as Does 1-10 did not intervene or take sufficient action to stop the attack on plaintiff. Plaintiff was stabbed in the bladder and ear, and when he attempted to run away, he was pushed to the ground and beaten, stabbed in the face, and came in and out of consciousness during and after the attack. Following the release of one tear gas grenade from about fifteen feet away, the assailants continued to attack plaintiff, then moved away to stab another unidentified inmate on the yard.

After the attack on plaintiff ended, he could not breathe and suffered a collapsed lung. Plaintiff was transported by cot to the prison infirmary. Plaintiff avers that he was not given a neck brace or medically secured to the cot before transport, and his vitals were not taken at the infirmary. About fifteen minutes later, an ambulance arrived, and plaintiff was given a neck brace by ambulance staff. An IV was administered to plaintiff during transport to UC Davis Medical Center, where he was admitted to the intensive care unit. Plaintiff had been stabbed in the spine, his neck was broken at vertebra 3, and he was stabbed at vertebrae 11 and 12, and is now a complete quadriplegic. Plaintiff was later transferred to Queen of the Valley Medical Center in Napa, California, where he remained for four weeks. Plaintiff was granted medical parole on May 7, 2019.

Plaintiff alleges defendants violated his constitutional rights under the Eighth and Fourteenth Amendments by failing to protect him and failing to intervene to protect him from physical harm, as well as by maintaining, enforcing, ratifying, and acquiescing in unsafe policies, practices and customs as expressly set forth in the pleading (ECF No. 1 at 16-17).

1 | Plaintiff seeks money damages, as well as reasonable attorney fees.

## III. Eleventh Amendment

Plaintiff names the CDCR and CSP-SAC as defendants. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR and CSP-SAC are legally unsustainable and must be dismissed.

## IV. Official Capacity Claims

Plaintiff names defendants Secretary Diaz and Warden Lynch in their official and individual capacities. A suit against a defendant in his individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law . . . . Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978)). Plaintiff alleges that defendant Diaz is the Secretary of the CDCR, and defendant Lynch is Acting Warden of CSP-SAC, a California state prison. As such, any official capacity claims against Defendants are treated as claims against the State of California. See Leer v. Murphy, 844 F.2d 628, 631–32 (9th Cir. 1998) (explaining that a lawsuit against state prison officials in their official capacities was a lawsuit against the state).

California is not a "person" subject to Section 1983, and the Eleventh Amendment bars damages actions against state officials in their official capacity. Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007); Nat. Res. Def. Council v. Cal. DOT, 96 F.3d 420, 421 (9th Cir. 1996) ("State immunity extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity."). However, state officials sued in their official capacity are considered "persons" when they are sued for prospective declaratory or injunctive relief under Section 1983; the Eleventh Amendment does not bar such claims. Flint,

488 F.3d at 825; Rounds v. Or. State Bd. of Higher Educ., 166 F.3d 1032, 1036 (9th Cir. 1999) ("Ex Parte Young provided a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities.")

Here, plaintiff seeks money damages only. Because plaintiff does not seek prospective declaratory or injunctive relief, this exception to Eleventh Amendment immunity does not apply. Therefore, plaintiff's claims against defendants Diaz and Lynch in their official capacities must be dismissed. Plaintiff's claims against defendants Diaz and Lynch in their individual capacities may proceed.

V. Eighth Amendment Claims

A. Eighth Amendment Standards: Failure to Protect

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates. See id. at 833. To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842.

B. Eighth Amendment Standards: Failure to Intervene

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit, 682 F.2d at 1250. "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.

1995).

C. Cognizable Eighth Amendment Claims

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Secretary Diaz and Warden Lynch in their individual capacities, as well as Does 1 - 10,[1] based on their actions and omissions in failing to protect plaintiff from harm, and in failing to intervene to protect plaintiff from physical abuse or harm. See 28 U.S.C. § 1915A. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of the action. The Clerk of the Court is directed to issue two summonses to plaintiff for purposes of service of process. See Federal Rule of Civil Procedure 4.

Within sixty days from the date of this order, plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4. Plaintiff shall serve a copy of this order on each defendant together with a summons and a copy of complaint.

Once service of process has been accomplished, plaintiff shall file a notice of the date and manner of service of process on each defendant.

VI. Fourteenth Amendment Claims

In the complaint, plaintiff alleges the same facts in support of his Fourteenth Amendment claims as he does for his Eighth Amendment claims. "'[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be

---

[1] Plaintiff's use of Doe defendants is problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

the guide for analyzing these claims.'" County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994); Graham v. Connor, 490 U.S. 386, 395 (1989)). As set forth above, the Eighth Amendment supplies an explicit textual source of constitutional protection when an inmate is denied the right to be free from a knowing and intentional disregard of his safety. Therefore the Eighth Amendment Cruel and Unusual Punishment Clause, and not the more general Fourteenth Amendment Due Process Clause, governs the constitutionality of defendants' actions. See Ramirez v. Groh, 298 F.3d 1022, 1029 (9th Cir. 2002) ("the Supreme Court has held that plaintiffs cannot 'double up' constitutional claims in this way.") Plaintiff's due process claims should be dismissed. However, such dismissal is without prejudice to plaintiff filing an amended complaint if he can allege specific facts demonstrating that a defendant violated plaintiff's due process rights. See Fed. R. Civ. P. 15(a).

VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment claims against defendants Secretary Ralph Diaz and Acting Warden Jeff Lynch in their individual capacities. See 28 U.S.C. § 1915A.

2. The Clerk of the Court is directed to issue and send plaintiff two summonses for defendants Diaz and Lynch.

3. Within sixty days from the date of this order, plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4. Plaintiff shall serve a copy of this order on each defendant at the time the summons and complaint are served.

4. Defendants shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

5. The Clerk of Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that:

1. Defendants CDCR and CSP-SAC are dismissed with prejudice;

2. Plaintiff's claims against defendants Secretary Ralph Diaz and Acting Warden Jeff

Lynch in their official capacities be dismissed with prejudice; and

    3. Plaintiff's due process claims be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 15, 2020

                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

/sama2606.8.aty