CHARLES CARBONE, ESQ.
(CA SBN 206536)
PRISONER RIGHTS ATTORNEY
LAW OFFICE
POB 2809
SAN FRANCISCO, CA 94126
TELEPHONE: (415) 981-9773 & (415) 531-1980
EMAIL: CHARLES@CHARLESCARBONE.COM

MARK A. REDMOND, ESQ.
(CA SBN 161520)
THE LAW OFFICES OF MARK REDMOND, P.C.
7420 Greenhaven Drive, Suite 115
Sacramento, CA 95831
Telephone: (916) 444-8240
Email: mr@markredmondlaw.com

Attorneys for Plaintiff, FERNANDO SAMANIEGO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SAMANIEGO,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a State Agency; CALIFORNIA STATE PRISON, SACRAMENTO, a State Prison; CDCR SECRETARY RALPH DIAZ; (Acting) WARDEN JEFF LYNCH, individually and in their official capacities;<br><br>and DOES 1-10, inclusive,<br>         Defendants. | Case No. 2:19-cv-02606 TLN KJN P<br><br>**[PROPOSED]** ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Date: See Local Rule 230 (l)<br>Time: See Local Rule 230 (l)<br>Officer: Honorable Kendall J. Newman<br>Courtroom:  25 |

Plaintiff is a state prisoner, proceeding through counsel.  Plaintiff seeks relief under 42 U.S.C. § 1983, and paid the court's filing fee.  The undersigned has read and considered plaintiff's motion for leave to file first amended complaint.  Defendants Diaz and Lynch filed a statement of

non-opposition. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).  Good cause appearing, plaintiff's motion to amend is granted.

In their statement of non-opposition, defendants point out that 28 U.S.C. § 1915A requires screening of any complaint "in which a prisoner seeks redress from [an] employee of a governmental entity." Id.  But defendants note that at least one court in this district has found that screening is not required for amended complaints drafted by counsel.  See Simmons v. CDCR, 49 F. Supp. 3d 700, 701 (E.D. Cal. 2014).  Defendants ask the court to advise whether the amended complaint will be screened before it may be served.

The undersigned has reviewed the amended complaint and finds that the pleading states potentially cognizable Eighth Amendment claims against the four new defendants Ramirez, Parsons, Spangler, and Curry, as well as the remaining defendants, based on their actions and omissions in failing to protect plaintiff from harm, and in failing to intervene to protect plaintiff from physical abuse or harm.  See 28 U.S.C. § 1915A.  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of the action.  The Clerk of the Court is directed to issue summonses to plaintiff for purposes of service of process on the newly-named defendants.  See Federal Rule of Civil Procedure 4.

In order to avoid having varying deadlines to answer, defendants Diaz and Lynch request that the court order all named defendants to respond to the first amended complaint within 21 days after all named defendants have been served.  (ECF No. 13 at 2.)  Barring any unforeseen difficulties in accomplishing service of process, defendants' request is granted.  However, should such difficulties arise, the court may sua sponte alter such order, and plaintiff may file a request to alter such order.

Within sixty days from the date of this order, plaintiff shall complete service of process on defendants Ramirez, Parsons, Spangler, and Curry in accordance with Federal Rule of Civil Procedure 4.  Plaintiff shall serve a copy of this order on each defendant together with a summons and a copy of the amended complaint.  Once service of process has been accomplished, plaintiff

shall file a notice of the date and manner of service of process on the newly-named defendants.

Finally, because the pending motion to dismiss filed by defendants Diaz and Lynch is directed to the original complaint, and plaintiff's amended complaint is now the operative pleading, defendant's motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 12) is granted.

2. The Clerk of the Court shall file and separately docket plaintiff's Exhibit A (ECF No. 12-1) as plaintiff's amended complaint.

3. The allegations in the amended complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendants Secretary Ralph Diaz and Acting Warden Jeff Lynch in their individual capacities, and defendants Ramirez, Parsons, Spangler, and Curry. See 28 U.S.C. § 1915A.

4. The Clerk of the Court is directed to issue and send plaintiff summonses for defendants Ramirez, Parsons, Spangler, and Curry.

5. Within sixty days from the date of this order, plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4. Plaintiff shall serve a copy of this order on each defendant at the time the summons and complaint are served.

6. Absent further court order, all named defendants shall respond to the amended complaint within 21 days after service of process has been accomplished on all four newly-named defendants.

7. The March 24, 2020 motion (ECF No. 8) is denied without prejudice.

Dated: June 15, 2020

/sama2606.mta

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE