CHARLES CARBONE, ESQ.
(CA SBN 206536)
PRISONER RIGHTS ATTORNEY
POB 2809
SAN FRANCISCO, CA 94126
TELEPHONE: (415) 981-9773
EMAIL: CHARLES@CHARLESCARBONE.COM

MARK A. REDMOND, ESQ.
(CA SBN 161520)
LAW OFFICES OF MARK A. REDMOND, P.C.
656 5th Avenue, Suite R
San Diego, CA 92101
Telephone: (916) 444-8240
Email: mr@markredmondlaw.com

Attorneys for Plaintiff, FERNANDO SAMANIEGO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SAMANIEGO,<br><br>Plaintiff,<br><br>vs.<br><br>CDCR, et. al.,<br><br>Defendants. | Case No. 2:19-cv-02606 TLN KJN P<br><br>**PLAINTIFF SAMANIEGO'S OPPOSITION TO MARK A. REDMOND'S EX PARTE APPLICATION TO WITHDRAW AS COUNSEL AND SUPPORTING DECLARATION OF CHARLES F.A. CARBONE, ESQ.** |

1

## I. INTRODUCTION

Plaintiff Samaniego, via co-counsel Charles Carbone, Esq., respectfully opposes attorney Mark A. Redmond's ex parte request to withdraw as counsel because: (a) it would impose a substantial hardship upon Samaniego in his ability to prosecute his case; and (2) the presently confidential grounds to which attorney Redmond seeks to withdraw must be examined – *in camera* – or otherwise to ensure, if available, that they meet with the requirements of the State Bar, the ABA rules on such matters, and this Court's local rules.

## II. OPPOSITION

The Samaniego matter for which attorney Redmond began work with his co-counsel attorney Carbone is not a small personal injury case. *See* Docket No.15 (in the instant matter). Insofar as his claims, Samaniego brought suit against several employees of the California Department of Corrections & Rehabilitation for their alleged deliberate indifference under the 8th Amendment to the U.S. Constitution. The injuries for his paraplegia are substantial as are the damages he seeks. *See* Declaration of Charles Carbone, Esq., ¶¶ 4-5., attached hereto.

The case has multiple parties, multiple legal theories and extensive litigation is reasonably expected, and indeed presently well-underway with the parties past the pleading phase, and parties now in discovery. *Id.* Respondent produced over 1,500 pages of such discovery on October 15, 2020. *Id.* at 5.

While true that withdrawal of attorney Redmond would leave the litigation responsibility on a single lawyer, attorney Carbone -- because the case is sufficiently complex and because attorney Carbone is a solo practitioner with a substantial caseload -- leaving Samaniego with a single attorney to litigate his case will likely unduly prejudice his ability to prosecute it. *Id. at* ¶ 6.

1       In his application, Attorney Redmond cites "Rules of Professional Conduct, Rule.
2 6.1," but this authority under the ABA Rules of Professional Conduct refers to pro bono
3 public service lawyering which appears not to relate to withdrawal of counsel.
4       Attorney Redmond then relies on Cal. R. Prof. Conduct 3-700 -- Rule 1.16(b)(4)
5 and 1.16(b)(7).
6       Instead of disclosing, either under seal or otherwise, the factual basis for
7 qualifying for a permissive withdrawal, which requires affirmative proof of qualification
8 of an element in Rule 3-700(B)(1-6), attorney Redmond invokes Cal. Rules of Prof.
9 Resp., Rule 1.16(b)(4), "in that Plaintiff has repeatedly rendered it unreasonably difficult
10 for me to carry out my representation effectively."  *See* Redmond Ex Parte Application
11 to Withdraw at 4, ln.12-13.  Attorney Redmond represents that he can not disclose the
12 reasons or underlying facts consistent with "Rules of Professional Conduct, 6.1" *Id.* at
13 ln. 10-12.  Again, Rule (6.1) is unrelated.
14       And yet, even still, attorney Carbone knows – at least has an understanding – of
15 the reasons which attorney Redmond may refer to in reference to Plaintiff Samaniego;
16 and as attested to in the attached declaration, those reasons would not appear to warrant
17 withdrawal especially in light of withdrawal likely to materially affect Samaniego's
18 ability to prosecute his case.  *See* Carbone, Decl. ¶ 7.
19       Attorney Redmond makes a similar, undisclosed claim with respect to Cal. Rules
20 of Prof. Resp., Rule 1.16(b)(7) that "I am unable to work further with co-counsel Charles
21 Carbone and that the best interests of the client will be served by my withdrawal.  *See*
22 Redmond, Decl., at ln. 15-17.  Again, attorney Carbone believes – without presently
23 disclosing any privileges – the facts to which attorney Redmond refers would not
24 constitute an inability to co-counsel on the case.  *See* Carbone, Decl. ¶ 8.
25       Attorney Redmond bears the burden here because of the language of Cal. R. Prof.
26 Conduct 3-700 that withdrawal is not permitted absent a showing of cause, and attorney
27 Carbone does not believe the facts that attorney Redmond relies on would warrant
28

withdrawal especially when those facts are not disclosed *in camera* or under seal such that this Court may examine them.

This Court's Local Rule 182(d) governs this matter, and 182(d) in turn invokes the Rules of Professional Conduct of the State Bar.  As stated above, undisclosed reasons which have not been examined by this Court do not meet the standard imposed by Local Rule 182(d) or the State Bar.  And this is especially true when, as contemplated by Samaniego, the undisclosed reasons would not disable nor prevent attorney Redmond's continued work on the case.  *See* Carbone Decl. at ¶ 8.

Lastly, the State Bar rules impose professional responsibilities on lawyers to finish what they started and complete professional obligations which they undertook absent compelling reasons subject to judicial review.  Compelling, articulated reasons are absent here, and only until reviewed can this Court make an examination as to any validity for the requested withdrawal.

For these reasons, the Application should be denied.

Respectfully submitted:

DATED: October 27, 2021        */s/ Charles Carbone, Esq.*

                                           CHARLES CARBONE, ESQ.

CHARLES CARBONE, ESQ.
(CA SBN 206536)
PRISONER RIGHTS ATTORNEY
PON 2809
SAN FRANCISCO, CA 94126
TELEPHONE: 415-981-9773

ATTORNEY FOR PLAINTIFF FERNANDO SAMANIEGO

# DECLARATION OF CHARLES F.A. CARBONE, ESQ.

1. I, Charles Carbone, Esq., hereby attest the following is true and correct.

2. Since 2000, I have been a member in good standing with the California State Bar. My law practice is devoted to assisting prisoners throughout California on a variety of legal matters including parole, post-conviction appeals, prison conditions and even recently Covid19 in California prisons.

3. Attorney Mark A. Redmond and I agreed to formally represent Plaintiff Fernando Samaniego since the inception of the instant matter, and have appeared as co-counsel in all court filings as well as in multiple conferences with opposing counsel, plaintiff, plaintiff's family, and professionals related to the prosecution of the case. Ours was to be a relationship of equals with myself and attorney Redmond to act as definitive co-counsel in sharing the attorney time and expenses involved.

4. Samaniego's case is a multi-party, multi-claim case involving multiple legal theories with substantial potential damages at stake relevant to Plaintiff's paraplegia.

5. To date, a large round of discovery already took place with Defendants producing over 1,500 pages of discovery on October 15, 2021. Plaintiff's counsel were prepared to begin depositions in October and November 2021.

6. My law office is a thriving, yet limited practice, with one lawyer, myself, and a sizable existing caseload of prisoner clients. My case load and existing legal obligations would easily prohibit me from being capable of singularly prosecuting

Samaniego's case without raising concerns as to whether Samaniego's interests could be adequately advanced or defended.

7. Without disclosing a single specific, I know, in particular and generally, the grounds to which attorney Redmond references that, "Plaintiff has repeatedly rendered it unreasonably difficult for me to carry out my representation effectively." I am also aware of the grounds to which attorney Redmond references that "I am unable to work further with co-counsel Charles Carbone and that the best interests of my client will be served by my withdrawal."

8. As to the facts to which attorney Redmond alludes, as a member of the Bar, I believe that neither issue warrants withdrawal as neither render representation impossible, unduly difficult, nor incapable of attorney Redmond litigating the case. Without detailing such, I know of no single insurmountable fact for which attorney Redmond may rely. Without disclosing privileges, I can credibly say that – like in all litigation – there are facts and circumstances which make a case less or more worthy, and less and more attractive to a lawyer's time and attention, but nothing that I know of would fatally compromise attorney Redmond from his active representation.

9. I have served this Opposition via U.S. First Class mail to Plaintiff Samaniego at his current address of Fernando Samaniego, 2511 W. Cedarwood Street, West Covina, CA 91790.

I attest to the aforementioned as true and correct to the best of my knowledge as sworn to me on this 27th day of October 2021.

/s/ Charles Carbone, Esq.
CHARLES CARBONE, ESQ.